Approved: __/s/ AWJ_____     **22 MAG 3845**
ANDREW JONES
Assistant United States Attorney

Before:   THE HONORABLE JAMES L. COTT
          Chief United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - x
                                :
UNITED STATES OF AMERICA         :   COMPLAINT
                                :   Violation of
        - v. -                   :   21 U.S.C. § 841
                                :
GUSTAVO ADOLFO CHAVEZ,           :
                                :
            Defendant.           :   COUNTY OF OFFENSE:
                                :   BRONX
- - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

    WILLIAM SHEEHAN, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration ("DEA"), and charges as follows:

### COUNT ONE
(Narcotics Distribution)

    1.  On or about April 28, 2022, in the Southern District of New York and elsewhere, GUSTAVO ADOLFO CHAVEZ, the defendant, intentionally and knowingly distributed and possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

    2.  The controlled substance involved in the offense was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

    (Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(A).)

    The bases for my knowledge and for the foregoing charge are, in part, as follows:

    3.  I am a Special Agent with the DEA New York Drug Enforcement Task Force, and I have been personally involved in

this investigation. This affidavit is based on my investigation, my conversations with other law enforcement officers and other individuals, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated

4. Based on my training and experience, my participation in this investigation, including my personal observations, my conversations with other law enforcement agents, and my review of law enforcement reports and records, I have learned the following, among other things:

a. Prior to April 28, 2022, GUSTAVO ADOLFO CHAVEZ, the defendant, was identified as a narcotics-trafficking subject. On April 28, 2022, I and other law enforcement agents conducted surveillance of CHAVEZ.

b. On April 28, 2022, CHAVEZ, a resident of the Bronx, was observed driving from his residence in a vehicle ("Car-1") and eventually to a supermarket in the Bronx. Around 5:25 p.m., CHAVEZ parked his car in the supermarket parking lot and was observed talking on the phone. CHAVEZ did not exit Car-1 and did not enter the supermarket. A few minutes later CHAVEZ moved Car-1 from the parking lot and parked it on the adjacent street.

c. Around 5:30 p.m., a second car ("Car-2") parked behind Car-1 on the street. Law enforcement agents observed someone ("CC-1") walk from the direction of Car-2 and stand in the open passenger door of Car-1. Agents further observed CC-1 touch a brown object that was on the passenger seat of Car-1. Following this, CC-1 left the area, and CHAVEZ drove away in Car-1.

d. Around 5:40 p.m., I observed CHAVEZ exit Car-1 near his residence. CHAVEZ was carrying a brown cardboard box. I approached CHAVEZ, identified myself, and asked him for identification, which he provided. I asked CHAVEZ where he was coming from, and he responded in substance and in part, from the supermarket. I asked CHAVEZ where the box came from, and he responded in substance and in part, the supermarket. I asked CHAVEZ what was inside of the box, and he responded in substance and in part, fruit. I then asked CHAVEZ if I could look inside the box, and he gave consent for me to search the box. The contents of the box were not fruit and appeared to be prepackaged narcotics, inside of a green bag. CHAVEZ was subsequently placed under arrest.

e. In connection with CHAVEZ's arrest, law enforcement recovered, among other items, the box with the suspected narcotics. The box contained a green bag that held two vacuum-packed powder bricks, and a third vacuum-packed bag that appeared to contain a white powder. Rapid field testing of one of the vacuum-packed bricks indicated the presence of fentanyl or fentanyl analogues. These items were subsequently weighed on a DEA scale and weighed approximately 3.13 kilograms. Photographs of the items recovered from the box are below.

 

f. Following his arrest, CHAVEZ gave consent to search his residence in the Bronx. During this search, an additional brick-shaped object that weighed approximately one kilogram was found, along with approximately 1000 blue pills that are commonly known as "M30s." Based on my training and experience, and the facts of this case, I believe that the additional narcotics recovered from the defendant's residence likely contain fentanyl.

WHEREFORE, I respectfully request that GUSTAVO ADOLFO CHAVEZ, the defendant, be imprisoned or bailed, as the case may be.

William Sheehan
Special Agent
Drug Enforcement Administration

Sworn to before me on April 29, 2022.

THE HONORABLE JAMES L. COTT
CHIEF UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK