**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
and Attorney-in-Chief

*Southern District of New York*
Jennifer L. Brown
Attorney-in-Charge

July 11, 2023

BY EMAIL & ECF
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE:   **United States v. Gustavo Chavez**
      **22 Cr. 303 (JMF)**

> The Court would be on firm ground denying the request for an adjournment given how much time the defense has had to complete a mitigation package. But in view of the unique circumstances and the interests of justice, the Court will grant a **one-time** adjournment of trial to **December 11, 2023**. **No further adjournments will be granted**. The application to downgrade the Defendant's pretrial release conditions is GRANTED. The Clerk of Court is directed to terminate ECF No. 23. SO ORDERED.
>
> *[signature]*
> July 11, 2023

Dear Judge Furman:

  I write regarding two issues: to request a 90-day adjournment of the trial date in the above-captioned case, and to request a downgrading of Mr. Chavez's pre-trial release conditions to a Curfew. The Government, by AUSA Andrew Jones, consents to this application.

  <u>First</u>, trial in the above-captioned matter is currently scheduled for October 23, 2023. I write now to alert the Court that my efforts to prepare a mitigation submission in furtherance of a pre-trial resolution remain ongoing and that an adjournment is in the interests of justice. 18 U.S.C. § 3161(h)(7)(A).

  Since the parties' last appearance before the Court, Mr. Chavez has been evaluated by a defense-retained psychologist, who advised that Mr. Chavez suffers from (amongst other things) a mild cognitive impairment. The psychologist specifically indicated that given Mr. Chavez's low scores on his memory and visuo-spatial/executive functioning tests, his symptoms appears to be consistent with a transitional period between normal aging and a diagnosis of clinically probable Alzheimer's disease.

  Following this preliminary diagnosis, the psychologist advised that additional neuropsychological testing is necessary to determine the full scope of Mr. Chavez's cognitive functioning and early-onset dementia, and that further examination is also necessary to determine Mr. Chavez's overall life expectancy, particularly given his myriad physical health issues. The defense is currently trying to identify a Spanish-speaking neuropsychologist who can work with our already-retained (and Spanish-speaking) psychologist to better understand Mr. Chavez's cognitive

abilities and decline, and we have already retained one physician to assist in providing a realistic estimate of the number of years Mr. Chavez has left to live. The physician has indicated that he requires all of Mr. Chavez's medical records from the past several years to aid in his assessment, and gathering all of those materials has been challenging, as Mr. Chavez has received (and continues to receive) treatment and medications from several different providers.

Against this backdrop, an October 23, 2023, trial date is not feasible and creates a deadline for undersigned counsel's mitigation submission that is not consistent with Mr. Chavez's unique circumstances and his Sixth Amendment right to effective and thorough representation. Accordingly, it is in the interests of justice to afford the defense additional time to finish its mitigation investigation and submission, particularly given Mr. Chavez's full compliance with his bail conditions (see infra #2). Indeed, the public's interest in a speedy trial is outweighed by Mr. Chavez's need for adequate time to meaningfully pursue and achieve a pre-trial resolution of his case that reflects (as much as possible) the full reality of his physical and mental condition and long-term prognosis.

Second, last week, I received an email from Mr. Chavez's pre-trial officer, Marlon Ovalles, regarding Mr. Chavez's bail conditions. Specifically, Officer Ovalles advised that, upon reviewing Mr. Chavez's file, Pre-Trial Services should have indicated that a reduction from Home Incarceration to a Curfew was appropriate when Mr. Chavez sought a modification of his bail conditions on May 9, 2023. Officer Ovalles indicated that a curfew would allow Mr. Chavez to better keep up with all of his medical appointments, and that his transition to a Curfew was consistent with his compliance over the past 14 months.

In accordance with Officer Ovalles's recommendation, the defense also respectfully requests that the Court downgrade Mr. Chavez's bail conditions to a Curfew enforced by Location Monitoring, with hours and technology to be determined by Pre-Trial Services.

Respectfully Submitted,

Andrew John Dalack, Esq.
Assistant Federal Defender, SDNY
(646) 315-1527

Counsel for Gustavo Chavez

Cc:  AUSA Andrew Jones
     Officer Marlon Ovalles