

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 30, 2023

**BY EMAIL – REQUESTED TO BE FILED EX PARTE AND UNDER SEAL**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *United States v. Gustavo Chavez*, 22 Cr. 303 (JMF)

Dear Judge Furman:

The Government respectfully submits this letter in the above-referenced matter to respond to the Court's November 28, 2023 request that the Government provide today certain information about staffing at the Metropolitan Detention Center – Brooklyn ("MDC").

The Government has sought the information the Court requested from the Bureau of Prisons, which is still gathering much of the data. The Court directed the Government to submit a letter today answering the questions about MDC staffing, but the Government still does not have much of the relevant data from the Bureau of Prisons. Therefore, the Government respectfully requests the Court extend the deadline for its response until Wednesday, December 6, 2023, so that the Government may continue to work with the Bureau of Prisons to collect the pertinent information.

In addition, the Government submits this letter *ex parte* and requests that it and future submissions detailing staffing levels at the MDC be maintained *ex parte* and under seal. The Government makes this application because much of the information sought is not public. Moreover, the defendant in this case is represented by the Federal Defenders of New York, which is the plaintiff in a civil lawsuit pending in the Eastern District of New York and in which the Bureau of Prisons and the Warden of the MDC are named defendants. See 19 Cv. 660 (MKB) (E.D.N.Y.). As the Court is aware, that lawsuit concerns the conditions at the MDC, and the Federal Defenders of New York and the MDC are in continued mediation in that case. This Office—which does not represent the MDC in the course of that lawsuit or mediation—understands that during the course of that litigation and mediation, the MDC has provided the Federal Defenders of New York certain information about staffing levels but not with the level of detail requested by the Court here. This Office further understands that the MDC takes the position that the Federal Defenders of New York is not entitled to such specificity in the civil case, and should not receive access to it fortuitously through its representation in this criminal case (where the information is not required to be disclosed pursuant to the Federal Rules of Criminal Procedure or any other statute or rule).

      The Government has been working diligently with the Bureau of Prisons to provide the Court with the information it has requested and sincerely apologizes that the request for an extension is being submitted late in the evening on the day the Court asked for a response. If a further extension, beyond December 6, 2023, is required, the Government will promptly inform the Court and explain why additional time is needed.

      Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Andrew Jones
Assistant United States Attorney
(212) 637-2249

The Government's motion for extension to December 6, 2023, is GRANTED.  The motion to file this letter under seal and *ex parte* is DENIED as there is nothing in this letter that justifies sealing, let alone an ex parte filing.  Indeed, the defense is entitled to notice of the Government's view that the information should be provided an an *ex parte* basis (and the reasons for that view).

The Court DENIES the Government's request to file future submissions under seal and *ex parte*, albeit without prejudice to an application, in accordance with the Court's Individual Rules and Practices, to file a particular document under seal.  That said, the Court is skeptical that there would be a basis to seal any such document in its entirety; that is, in any such application, the Government would have to show that redaction would be insufficient.  The Court is also skeptical of the Government's suggestion that the E.D.N.Y. litigation provides a basis to keep the information from counsel to the Defendant in this matter.  At most, there might be a basis for some sort of protective order; but the fact that Federal Defenders is involved in litigation against the MDC surely does not justify keeping information relevant to this case from counsel for the Defendant in this case.  Finally, in any future motion to seal or redact (as to which Defendant would be given an opportunity to be heard), the Government should also explain its basis for redacting information on staffing levels given that, in a November 16, 2023 meeting of the Criminal Justice Advisory Board -- in the presence of representatives of the Federal Defenders and other members of the defense bar -- officials from the MDC provided precisely the information that the Court ordered the Government to produce here, namely current staffing levels for custodial staff and medical staff.

SO ORDERED.

December 1, 2023